State v. Riggs

---

STATE OF NORTH CAROLINA v. LENWOOD RIGGS

No. 823SC1103

(Filed 3 May 1983)

1. Arson § 4.1— first degree arson—sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for first degree arson where it tended to show that defendant was in the dwelling house which was burned approximately one hour before the fires were discovered; an occupant of the house asked him to leave to prevent an altercation concerning a woman; shortly thereafter, defendant returned to ask the occupant about the woman; when she told defendant the woman had gone, defendant replied, "I know she's in that house, bitch," and left; some 30 minutes later, the occupants of the house discovered a fire at the front door; an occupant saw defendant running from the back porch and then realized that a second fire had been started in the wood stacked on the back porch earlier that evening, defendant had purchased gasoline in a plastic container from a nearby store; the fires were determined by a State's expert to have been incendiary in origin; and soil samples taken from the immediate area had the odor of gasoline.

2. Criminal Law § 66.17— pretrial show-up—independent origin of in-court identification

The evidence supported the trial court's finding that an arson victim's in-court identification of defendant was of independent origin and not tainted by

a pretrial show-up identification where the victim testified prior to voir dire that she had known defendant before the night of the fire, that he had previously been to her home, and that he was at her home and in her presence on the night in question, and where the victim testified on voir dire that she recognized defendant as he ran from her house after she became aware of the fire, that she was standing about seven feet from him at the time, that illumination was provided by a 75-watt light bulb in the kitchen and the glare from the fire itself, and that less than one hour after the incident she made a positive identification of defendant as the man she saw running from her house.

**3. Criminal Law § 96— withdrawal of evidence—failure to give requested instruction—instruction at close of all evidence**

   Defendant was not prejudiced by failure of the trial court to instruct the jury at the time of defendant's request that it should disregard certain soil samples which were shown to the jury but not offered into evidence because a proper foundation was lacking where the court gave the proper instruction after the close of all the evidence, and where the presence of gasoline in the soil was established by other competent evidence.

APPEAL by defendant from *Peel, Judge.* Judgment entered 11 June 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 13 April 1983.

Defendant was charged in a proper bill of indictment with first degree arson in violation of G.S. 14-58. The jury returned a verdict of guilty. From judgment imposing a prison term of fifteen years, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Assistant Public Defender William F. Ward, III, for defendant-appellant.*

HILL, Judge.

Defendant initially argues that the trial judge erred in denying his motion to dismiss at the close of all the evidence. He contends that the State presented insufficient circumstantial evidence to take the case to the jury, particularly when considered with defendant's uncontradictory evidence submitted to explain the State's case. We disagree.

When ruling on defendant's motion for nonsuit, the trial judge must consider all the evidence in the light most favorable to the State, allowing every reasonable inference to be drawn

therefrom. *State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506 (1974). The rule for determining if the evidence is sufficient to warrant submission of the case to the jury is the same whether the evidence is circumstantial, direct, or both. *State v. Wright,* 302 N.C. 122, 273 S.E. 2d 699 (1981). Evidence is sufficient to uphold a guilty verdict if substantial evidence, defined as "that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion," was presented on every element of the offense charged. *Id.* at 126, 273 S.E. 2d at 703. When ruling on a motion for nonsuit, the court may consider evidence that tends to rebut any inference of guilt but does not conflict with the State's evidence. *State v. Blizzard,* 280 N.C. 11, 184 S.E. 2d 851 (1971). If there is more than a scintilla of evidence to support the indictment, however, the case must be submitted to the jury. *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241 (1955).

[1]   In this case, defendant was charged with first degree arson; *i.e.,* the willful and malicious burning of a dwelling house inhabited by Emma Hussey and occupied by her at the time of the burning. Considered in the light most favorable to the State, the evidence shows that defendant was in the Hussey house approximately one hour before the fires were discovered. Ms. Hussey asked him to leave the house to prevent an altercation concerning a woman. Shortly thereafter, he returned to ask Ms. Hussey about the woman. When she told him the woman had gone, defendant replied, "I know she's in that house, bitch" and left. Some thirty minutes later, the occupants of the house discovered a fire at the front door. When Ms. Hussey went to call the fire department, she heard a "bloosh-like" sound through her kitchen window. She saw defendant running from the back porch. She then realized that a second fire had been started in the wood stacked on her back porch. Earlier that evening, defendant had purchased gasoline in a plastic container from a nearby store. The fires at the Hussey house were determined by a State's expert to have been incendiary in origin; soil samples taken from the immediate area had the odor of gasoline.

We find the above evidence was more than sufficient to support the indictment and consequently to submit the case to the jury. Defendant's argument that he bought the gasoline because he just discovered his car had run out of gas is insufficient to rebut the inference of guilt raised by the State's evidence, par-

ticularly eyewitness testimony that defendant ran from the house moments after the fire started.

[2] Defendant assigns error to the trial court's denial of his motion to suppress Emma Hussey's in-court identification of him. The court suppressed evidence of Ms. Hussey's show-up identification of defendant. Nevertheless, after an extensive *voir dire*, the court allowed Ms. Hussey's in-court identification, finding it was based on her observation of the defendant at the time of the offense and not on the subsequent show-up.

Even if a pre-trial identification procedure is found to be impermissibly suggestive, a trial judge may allow identification testimony where the totality of the circumstances reveals the identification itself to be inherently reliable. Determination of the reliability of the identification involves consideration of:

> ". . . [T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

*State v. Yancey*, 291 N.C. 656, 661, 231 S.E. 2d 637, 641 (1977), *quoting Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 2d 401 (1972).

Here, the witness testified prior to *voir dire* that she had known defendant before the night of the fire, that he had previously been to her home, and that he was at her home and in her presence on the night in question. On *voir dire* she said that defendant had worn dark clothes and a red cap that evening. She said that when she became aware of the fire she recognized defendant as he ran from her house. She was standing about seven feet from him at the time. Illumination was provided by a bare 75-watt light bulb in the kitchen and the glare from the fire itself. Less than one hour after the incident, Ms. Hussey made a positive identification of the defendant as the man she saw running from her house. We find that the above evidence amply supports the trial judge's finding that Ms. Hussey's in-court identification was reliable and independent of the pre-trial show-up identification. The defendant's motion to suppress was properly denied.

Defendant also contends the trial judge committed prejudicial error in failing to make specific findings of fact to support his denial of defendant's motion to suppress the in-court identifications by Ms. Hussey and by Ronnie Hollowell who sold defendant gasoline on the night of the fires. Defendant does not contend that conflicting evidence was heard in the *voir dire.* We have previously determined that the in-court identification by Ms. Hussey was independent of the show-up identification. No argument is made by defendant that Mr. Hollowell's identification of him was tainted. Under these circumstances, we hold the trial judge's failure to make findings of fact to be harmless error. *See State v. Covington,* 290 N.C. 313, 226 S.E. 2d 629 (1976).

[3] By his next assignment of error, defendant contends he was prejudiced when at the close of the State's evidence the trial judge failed to instruct the jury to disregard certain State's exhibits that were shown to the jury, but not offered into evidence because a proper foundation was lacking. Defendant acknowledges the court gave the proper instruction after the close of all the evidence, As a general rule, the withdrawal of incompetent evidence by appropriate instructions from the court will cure any error in its admission. *State v. Covington, supra.* Here, the evidence, consisting of canisters of soil samples taken from the burned area, was removed promptly from the jury's view upon defendant's request. The evidence never was admitted for the obvious reason that the State's witness did not recognize the soil samples. the presence of gasoline in the soil was established by other competent evidence. Thus, we find the defendant suffered no prejudicial error from the court's failure to give the limiting instruction when he requested it. This assignment of error is overruled.

Defendant finally assigns error to two evidentiary rulings. In the first instance, we find no prejudicial error in the court's allowance of testimony contended by the defendant to be hearsay, since evidence of the same import was later elicited by defense counsel during cross-examination. *State v. Henley,* 296 N.C. 547, 251 S.E. 2d 463 (1979). We hold the court's second ruling to be a proper exclusion of hearsay testimony.

We find that the defendant received a fair trial free of prejudicial error.

No error.

Judges JOHNSON and PHILLIPS concur.